IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARC WINGHOUSE, LLC,

    Plaintiff,

v.

CASE No. _____

THE UNITED STATES SMALL
BUSINESS ADMINISTRATION,
ISABELLA CASILLAS GUZMAN,
In Her Official Capacity as
Administrator of the Small Business
Administration, and THE UNITED
STATES OF AMERICA,

    Defendants.

## **COMPLAINT OF PLAINTIFF ARC WINGHOUSE, LLC**

Plaintiff ARC WingHouse LLC ("ARC WingHouse"), by counsel, respectfully asks this Court to grant declaratory relief and hold unlawful and set aside the agency actions of Defendants, the United States Small Business Administration ("SBA"); Isabella Casillas Guzman, in her official capacity as Administrator of the SBA; and the United States of America (together, "Defendants"). In support of its Complaint against the Defendants, ARC WingHouse alleges as follows:

## **NATURE OF ACTION**

1. On March 27, 2020, to assist small businesses in the wake of the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), which established the Paycheck Protection

Program ("PPP"). *Coronavirus Aid, Relief, and Economic Security Act*, Pub. L. No. 116–136, 134 Stat. 281 (March 27, 2020), *codified at* 15 U.S.C. § 9001, *et seq.*

2. The PPP provides loans through the SBA to certain small businesses who have encountered hardships due to the pandemic (referred to as "PPP Loans") and offers full forgiveness of those loans if the proceeds are properly expended. The PPP is implemented by the SBA with support from the Department of Treasury.

3. The primary purposes of the CARES Act are to "keep[] American workers paid and employed," and to "assist small businesses nationwide adversely impacted by the COVID-19 emergency."15 U.S.C. Ch. 16, Subchapter I; *Business Loan Program Temporary Changes; Paycheck Protection Program*, 85 Fed. Reg. 20811, 20811 (April 15, 2020). ARC WingHouse is one of those small businesses that the CARES Act was created to support. Established in 2019, ARC WingHouse is located in Florida and is a 72-NAICS Code restaurant business, among some of the hardest-hit businesses during the COVID-19 pandemic. The CARES Act was meant to assist these businesses through the roughest of times and ensure they remained standing on the other side.

4. Like many other small businesses, ARC WingHouse was hit hard financially by the COVID-19 pandemic and struggled to keep its workers paid and its operations afloat. On April 20, 2021, ARC WingHouse submitted an application for a second draw PPP Loan to its lender, City National Bank, based on its

substantial financial concerns and the belief that any funds received would be wholly forgiven.

5. On April 23, 2021, City National Bank approved the application and on June 1, 2021, disbursed the PPP loan proceeds in the amount of $2,0000,000 to ARC WingHouse. ARC WingHouse would not have been able to operate its business during this time but for receiving the PPP Loan proceeds. On August 31, 2022, ARC WingHouse applied for forgiveness of its $2,000,0000 second draw PPP Loan in accordance with SBA regulations. Upon review, City National Bank recommended full forgiveness of the PPP Loan.

6. The SBA, however, denied forgiveness and rendered ARC WingHouse "ineligible" for the PPP Loan — in its entirety — based on its application of the "corporate group rule."

7. More specifically, on December 20, 2022, the SBA issued its first "final loan review decision" (the "First SBA Decision"), attached to the Complaint as **Exhibit A**, grouping ARC WingHouse in a "corporate group" with five other entities: Mountain Apple, LLC, Oklahoma Apple, LLC, Seestar QSR LLC, Julo Madison LLC, and ARC Fat Patt's LLC.

8. After ARC WingHouse's appeal to the SBA's Office of Hearings and Appeals ("OHA"), the SBA withdrew its First SBA Decision, dismissed the appeal, and the OHA remanded the matter to the Office of Capital Access.

9. When the SBA eventually issued its second "final loan review decision" (the "Second SBA Decision") on April 23, 2023, attached to the

3

Complaint as **Exhibit B**, the SBA changed course and determined that ARC WingHouse was part of a "corporate group" with four entirely different entities: ARC Fat Patty's LLC, ARC Group, Inc., Seediv LLC, and DWAG Valdosta.[1]

10.  In the underlying proceedings on the second appeal, the SBA determined that ARC WingHouse was part of a "corporate group" that was eligible for $4,000,000 in PPP Second Draw Loans but had received $4,048,846 of second draw PPP loans in the aggregate. Therefore, based solely on the fact that the corporate group received more than $4,000,0000 in loan proceeds, the SBA wrongly determined that ARC WingHouse was "ineligible" for any forgiveness whatsoever, even though only $2,048,846 — approximately half of the group limit — had been forgiven within this corporate group.

11.  ARC WingHouse argued to the OHA that, in accordance with applicable regulations, the SBA should have denied forgiveness *only* as to the $48,846 in excess of the $4,000,000 corporate group maximum, while granting forgiveness as to the remaining amount of $1,951,154.

12.  In its ruling, the OHA upheld the Second SBA Decision, which stated that the SBA would *not* forgive the $1,951,154 portion of the $2,000,000, even though that portion was *not* in excess of the corporate group's $4,000,000 maximum. Thus, ARC WingHouse was asked to pay back the $2,000,000 PPP loan

---

[1] In the aggregate, the other four entities that the SBA deemed to be in a "corporate group" with ARC WingHouse had received a combined total of $2,048,846 of forgiveness.

4

proceeds the SBA disbursed and ARC WingHouse utilized in accordance with the SBA's regulations.

13. Under the applicable regulations, the OHA's decision now constitutes the final decision of SBA. ARC WingHouse has exhausted all administrative remedies, and now commences this action pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C.§ 500 *et seq.*, to set aside the SBA's unlawful and impermissible denial of forgiveness of the $1,951,154 portion, and to compel SBA to grant forgiveness as to that $1,951,154 portion.

14. The Defendants' acts are arbitrary, unlawful, and unjust and have caused a well-established small business in the local community significant harm. To add insult to injury, the government's demand that ARC WingHouse repay two million dollars stems from ARC WingHouse's participation in a government program that was conceived to support companies like ARC WingHouse. Accordingly, ARC WingHouse respectfully requests this Court issue a declaration that the agency actions were arbitrary, capricious, unlawful, and an abuse of discretion; vacatur of the underlying agency action; and full forgiveness of ARC WingHouse's second draw PPP Loan.

## PARTIES

15. Plaintiff ARC WingHouse LLC is a Florida limited liability company with its principal place of business at 4530 St. Johns Avenue, Suite 15, in Jacksonville, Florida 32210.

16. Defendant SBA is an independent agency of the United States, created and authorized pursuant to 15 U.S.C. § 633 *et seq.* Under the CARES Act, the SBA administers the PPP. The SBA maintains a district office at 777 S. Harbour Island Blvd., Tampa, FL 33602, which is within the Tampa Division of the United States District Court for the Middle District of Florida. SBA was created by the Small Business Act, 15 U.S.C. Ch. 14A.

17. Defendant Isabella Casillas Guzman is the Administrator of the SBA, a Cabinet-level position, and is sued only in her official capacity as Administrator. Guzman is a proper defendant in Administrative Procedure Act ("APA") challenges, as asserted herein, pursuant to 15 U.S.C. § 634(b) because Guzman is the officer with final authority for administering the PPP for the SBA.

18. Defendant the United States of America is a proper defendant in APA challenges, as asserted herein, pursuant to 5 U.S.C. § 702.

## JURISDICTION AND VENUE

19. This is a civil action over which this Court has subject matter jurisdiction of this action by virtue of 28 U.S.C. § 1331 (federal question jurisdiction), insofar as ARC WingHouse's causes of action arise under the APA; 28 U.S.C. § 1346(a)(2) (civil action against the United States); 28 U.S.C. § 2201

(authorizing declaratory relief); 28 U.S.C. § 2202 (authorizing injunctive relief); and 5 U.S.C. § 702 (judicial review of agency action). *See* 5 U.S.C. § 701 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."). SBA regulations likewise provide for federal district court review of a decision of the SBA's Office of Hearings and Appeals pursuant to 13 C.F.R. § 134.1211(g).

20. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1)(A) because ARC WingHouse resides in the Middle District of Florida. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (e) because a substantial part of the events giving rise to this action have occurred and will continue to occur in the Middle District of Florida, and the SBA operates within this Court's judicial district. Under 13 C.F.R. § 134.1211(g), "[f]inal decisions [of SBA] may be appealed to the appropriate federal district court only." 13 C.F.R. § 134.1211(g).

21. This Court has personal jurisdiction over Defendants because Defendants regularly conduct business in the State of Florida and have engaged in the conduct alleged herein in Florida, targeted to Florida residents, businesses, and/or interests.

22. The SBA's adoption of the "corporate group rule" and the agency's denial of full forgiveness to ARC WingHouse are final agency actions pursuant to 5 U.S.C. § 704 and 13 C.F.R. § 134.1211(c)(3), which this Court has authority to review pursuant to 5 U.S.C. § 702.

23. ARC WingHouse has Article III standing because the SBA's denial of full loan forgiveness has caused a concrete injury which is redressable by this Court by granting ARC WingHouse the relief requested herein.

24. The SBA's adoption of the "corporate group rule" and the agency's denial of full forgiveness to ARC WingHouse are final agency actions pursuant to 5 U.S.C. § 704 and 13 C.F.R. § 134.1211(c)(3), which this Court has authority to review pursuant to 5 U.S.C. § 702.

25. No other action, civil or criminal, is pending in any state court involving ARC WingHouse regarding the activities and events stated herein.

26. The decision that OHA issued on November 20, 2023, is the final decision of SBA, and thus is a final agency action for purposes of the APA, pursuant to 13 C.F.R. § 134.1211(b), which provides that "unless a request for reconsideration is filed pursuant to paragraph (c) of this section or the SBA Administrator, solely within the Administrator's discretion, decides to review or reverse the initial decision pursuant to paragraph (d) of this section, an initial decision shall become the final decision of SBA 30 calendar days after its service." *See* 13 C.F.R. § 134.1211(b).

## **STATEMENT OF FACTS**

27. SBA administers the 7(a) Loan Program pursuant to applicable regulations. The 7(a) Loan Program's purpose is to help qualified entrepreneurs start or expand small businesses.

28.     On March 27, 2020, the Coronavirus Aid, Recovery and Economic Security Act ("CARES Act") became law. The CARES Act established PPP, the purpose of which was to provide eligible small businesses with funds to meet payroll costs during the COVID-19 pandemic.

29.     Under the PPP, the SBA guarantees loans that private lenders (approved by the SBA) provide to eligible small businesses. The CARES Act provides that SBA is to administer PPP as part of the 7(a) Loan Program, subject to applicable and controlling regulations.

30.     On December 27, 2020, the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act became law. That statute authorized the SBA to guarantee "second draw loans" under the PPP. Such second draw loans are the subject of this federal court action.

31.     Pursuant to the applicable regulations, the single corporate group of which ARC WingHouse is part is eligible for $4,000,000 of such second draw loans.

32.     ARC WingHouse submitted to its lender, City National Bank, an application for a second draw loan in the amount of $2,000,000. City National Bank approved this application on April 23, 2021, and disbursed $2,000,000 to ARC WingHouse on June 1, 2021.

33.     Section 1106 of the CARES Act, which pertains to "Loan Forgiveness," provides for the forgiveness of up to the full principal amount of qualifying PPP loans, subject to the requirements and limitations set forth in that section.

34. On or about August 31, 2022, ARC WingHouse submitted to SBA an application for full forgiveness of its second draw PPP loan in the amount of $2,000,000.

35. On or about December 20, 2022, a Final SBA Loan Review Decision was initially issued regarding ARC WingHouse's PPP loan. In response, on or about January 19, 2023, ARC WingHouse timely filed an appeal with the OHA.

36. On or about January 26, 2023, the OHA entered a Notice and Order and Consolidation of Cases. Soon thereafter, on or about March 7, 2023, SBA moved to dismiss each and all of the appeals and remanded the consolidated matters to the SBA, in light of the fact that SBA had withdrawn the First SBA Decision issued on December 20, 2022.

37. On remand, the SBA issued a second Final SBA Loan Review Decision on or about April 23, 2023, therein denying forgiveness of the entirety of the foregoing $2,000,000 second draw loan. The Second SBA Decision stated, in full, as follows:

> SBA has determined that the borrower was ineligible for the PPP loan. The reason for SBA's decision is as follows:
>
> After a review of the documentation provided, the SBA concludes that the Borrower [sic] business which is part of a corporate group has received more than $4,000,000 of 2nd draw PPP loans in the aggregate.
>
> ARC Group is a group of 6 entities defined by majority ownership of ARC Group, Inc. which received a total of $4,048,846 in the Second Draw Loans. Six entities are subject to the corporate group limit; therefore, this entity

exceeds the corporate group limit and is ineligible for the PPP second draw loan.

38. On or about May 23, 2023, ARC WingHouse filed a second appeal to the OHA of the Second SBA Decision, pursuant to 13 C.F.R. § 134.1202 ("Commencement of Appeals of Final SBA Loan Review Decisions"). The filing with the OHA of an administrative record and substantial briefing ensued.

39. In its thorough briefing to the OHA, ARC WingHouse argued as follows with respect to its *eligibility* to receive a second draw PPP loan:

> [T]he corporate group rule sets a limit on the loan amount corporate group entities should receive, not their eligibility for the PPP Loan itself . . . this IFR does not render entities ineligible for PPP Loans; instead, it limits loan amount the corporate group entities should receive in the aggregate. In fact, this section of the IFR appears in a section titled, "What is the maximum loan amount for a Second Draw PPP Loan?" *Id.* at 3719 (emphasis added); *see also id.* at 3716 (explaining purpose of corporate group rule was to "limit[] the amount of Second Draw PPP Loans that a single corporate group may receive" (emphasis added)). The IFR does not purport to address eligibility for the loan itself.
> . . .
>
> The CARES Act provides that for Second Draw loans, "an eligible entity" shall be "eligible for forgiveness of indebtedness on a covered loan *in an amount equal to*" the properly calculated payroll costs and other amounts. 15 U.S.C. § 636(a)(37)(J)(iii) (emphasis added); *see also id.* § 636m(b) (providing that "eligible recipients" shall be eligible for forgiveness according to certain costs during covered period); *id.* § 636m(a)(10) (defining "eligible recipient" as "recipient of a covered loan"). Therefore, while the corporate group loan amount may have been in excess of the limit set forth in the IFR, this says nothing of [ARC WingHouse's] eligibility for the loans themselves.

40. With respect to the amount of forgiveness that ought to be awarded (and in light of proper application of the Corporate Group Rule), ARC WingHouse explained as follows:

> Considering that the SBA improperly denied full forgiveness to Appellants under the mistaken conclusion they were not eligible for the PPP Loan, Appellants respectfully request that the OHA examine the forgiveness amounts already awarded in each corporate group and assign the remaining forgiveness amounts to Appellants.
> . . .
>
> [F]or the ARC corporate group, Appellant propose that the OHA direct forgiveness to ARC WingHouse, LLC in the amount of $1,951,154, which will enable the ARC corporate group [to] reach the $4,000,000 cap.

41. Pursuant to the foregoing, SBA should have denied loan forgiveness "in part." Specifically, SBA should have denied forgiveness only as it pertains to the $48,846 that exceeded the corporate maximum, while granting forgiveness as to the remaining $1,951,154 of the $4,000,000 total.

42. In disregard of the applicable regulations, however, on November 20, 2023, the OHA issued a decision affirming the Second SBA Decision.

43. 13 CFR § 134.1211(b) provides that "unless a request for reconsideration is filed pursuant to paragraph (c) of this section or the SBA Administrator . . . decides to review or reverse the initial decision pursuant to paragraph (d) of this section, an initial decision shall become the final decision of SBA 30 calendar days after its service." *See* 13 C.F.R. § 134.1211(b).

44. The Administrator did not review or reverse the OHA's decision dated November 20, 2023. Consequently, pursuant to 13 CFR § 134.1211(b), the OHA's decision dated November 20, 2023, became the final decision of the SBA on or about December 20, 2023.

45. Pursuant to 13 C.F.R. § 134.1211(g), which provides that "[f]inal decisions be appealed to the appropriate federal district court only," ARC WingHouse has exhausted all administrative remedies, and may now pursue this action before this Court.

## COUNT I
### Violation of the Administrative Procedures Act, 5 U.S.C. § 706(2)(A) (SBA Lacks a Statutory or Regulatory Basis to Deny Partial Forgiveness)

46. ARC WingHouse incorporates Paragraphs 1-45 as if set forth verbatim herein.

47. The APA provides that a reviewing court must "hold unlawful and set aside agency action . . . found to be . . . not in accordance with law." *See* 5 U.S.C. § 706(2)(A).

48. In denying forgiveness of the $1,951,154 portion of the subject second draw PPP loan *not* in excess of the $4,000,000 corporate maximum to which ARC WingHouse's corporate group was subject, SBA acted contrary to law, in violation of applicable law and regulations.

49. Specifically, and without limitation, 85 Fed. Reg. 33012 provides, in relevant part, that "if SBA determines that the borrower is ineligible for the loan

amount or loan forgiveness amount claimed by the borrower, SBA will direct the lender to deny the loan forgiveness application in whole or in part, as appropriate." SBA violated this regulation when it denied forgiveness of the $1,951,154 portion of the subject PPP loan *not* in excess of the maximum.

50. Pursuant to 5 U.S.C. § 706(2)(A), this Court must hold unlawful and set aside the Final Loan Review Decision of SBA that denied forgiveness of the $1,951,154 portion of the subject second draw PPP loan *not* in excess of the $4,000,000 corporate maximum.

### COUNT II
**Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)**
**(Arbitrary and Capricious Action in Violation of the APA)**

51. ARC WingHouse incorporates Paragraphs 1-50 as if set forth verbatim herein.

52. The APA provides that a reviewing court must "hold unlawful and set aside agency action . . . found to be . . . arbitrary, capricious, [or] an abuse of discretion." 5 U.S.C. § 706(2)(A).

53. In denying forgiveness of the $1,951,154 portion of the subject second draw PPP loan that was *not* in excess of the $4,000,000 corporate maximum to which ARC WingHouse's corporate group was subject, the SBA acted arbitrarily, capriciously and abused its discretion.

54. Pursuant to 5 U.S.C. § 706(2)(A), this Court must hold unlawful and set aside the Final Loan Review Decision of SBA that denied forgiveness of the

$1,951,154 portion of the subject second draw PPP loan that was *not* in excess of the $4,000,000 corporate maximum.

## COUNT III
### Administrative Procedures Act, 5 U.S.C. § 706(1)
### (to Compel Agency Action Unlawfully Withheld)

55. ARC WingHouse incorporates Paragraphs 1-54 as if set forth verbatim herein.

56. The APA provides that a reviewing court is required and obliged to "compel agency action unlawfully withheld." *See* 5 U.S.C. § 706(2)(A).

57. In denying forgiveness of the $1,951,154 portion of the subject second draw PPP loan that was not in excess of the $4,000,000 corporate maximum to which ARC WingHouse's corporate group was otherwise subject, SBA unlawfully withheld agency action required by law, including, without limitation, 85 Fed. Reg. 33012, which provides, *inter alia*, that "if SBA determines that the borrower is ineligible for the loan amount or loan forgiveness amount claimed by the borrower, SBA will direct the lender to deny the loan forgiveness application in whole or in part, as appropriate." *See* 85 Fed. Reg. 33012.

58. Pursuant to 5 U.S.C. § 706(2)(A), this Court must compel SBA to grant forgiveness of the $1,951,154 portion of the subject second draw PPP loan that was not in excess of the $4,000,000 corporate maximum to which Plaintiff's corporate group was subject.

## **PRAYER FOR RELIEF**

**WHEREFORE**, pursuant to the foregoing, Plaintiff ARC WingHouse LLC, respectfully prays that the Court order the following relief:

a. Declare that the Corporate Group Rule is arbitrary and capricious, exceeds Defendants' statutory authority, and violates the APA;

b. Declare that the Corporate Group Rule is not applicable to ARC WingHouse's PPP Loan forgiveness request;

c. Hold unlawful and set aside the Corporate Group Rule;

d. Vacate and set aside the OHA's final decision denying ARC WingHouse forgiveness of its second draw PPP Loan;

e. Instruct Defendants to grant forgiveness of the $1,951,154 portion not in excess of the $4,000,000 corporate maximum to which ARC WingHouse's corporate group was subject;

f. Stay the OHA's final decision and direct that ARC WingHouse's period of loan deferment be extended until resolution of this action;

g. Award reasonable attorneys' fees and costs to the extent permitted by law; and

h. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Amy L. Drushal*
Amy L. Drushal
Florida Bar No. 546895
aldrushal@trenam.com
Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A.
101 E. Kennedy Blvd., Suite 2700
Tampa, FL  33602
813-223-7474

16

Vivian H. Basdekis*
WV Bar No. 10587
vbasdekis@fbtlaw.com
Blake N. Humphrey*
bhumphrey@fbtlaw.com
WV Bar No. 14132
FROST BROWN TODD LLP
500 Virginia Street East, Suite 1100
Charleston, WV 25301
Telephone: (304) 345-2404
Facsimile: (304) 345-0115

*pro hac vice application forthcoming

**COUNSEL FOR ARC WINGHOUSE LLC**
